**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.D., | Civil Action No. 22-cv-6180 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff J.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381, et seq. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 10 ("Pl.'s Mov. Br."); D.E. No. 13 ("Def.'s Opp. Br."); D.E. No. 14 ("Pl.'s Reply Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court vacates and remands the decision of the Commissioner.

**I.   BACKGROUND**

On July 8, 2019, Plaintiff filed an application for DIB and SSI. (D.E. No. 6-2, Administrative Record ("Tr.") at 21.) Plaintiff alleged disability starting January 5, 2019. These

claims were initially denied on July 30, 2019, and upon reconsideration on June 17, 2020. (Id.) A hearing was held before Administrative Law Judge ("ALJ") Kevin Kenneally on July 15, 2021, and on August 31, 2021, the ALJ issued a decision determining that Plaintiff was disabled starting on August 20, 2021, but not prior to that date. Plaintiff sought review of the portion of the ALJ's decision determining that he was not disabled prior to August 20, 2021 from the Appeals Council. After the Appeals Council denied Plaintiff's request on September 19, 2022, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the August 31, 2021 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations. The ALJ also found that Plaintiff was unable to perform his past relevant work as a janitor or machine rug cleaner. (Tr. at 30.) At step five, the ALJ found that there were other jobs that existed in significant numbers in the national economy which Plaintiff could have performed. However, the ALJ noted that on August 20, 2021, Plaintiff's age category changed to that of an individual of advanced age and concluded that the change in Plaintiff's age category rendered him disabled on that date as there were no jobs that existed in significant numbers in the national economy which Plaintiff could perform after August 20, 2021. (Id. at 32.) Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act prior to August 20, 2021, but became disabled on August 20, 2021. On appeal, Plaintiff challenges the portion of the ALJ's decision determining that he was not disabled prior to August 20, 2021, and alleges that substantial evidence does not exist to support the RFC determination.

## II.  LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. § 405(g); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla" of evidence but may be less than a preponderance.  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

## III.  DISCUSSION

Plaintiff argues the Court should vacate and remand the Commissioner's decision because substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC. Plaintiff alleges the ALJ failed to properly evaluate: (i) the medical opinion of Plaintiff's treating physician and properly determine Plaintiff's RFC; and (ii) Plaintiff's testimony regarding his subjective symptoms.

At step four, the ALJ determined that Plaintiff retained the RFC to perform "light work" with the following limitations:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he (1) can occasionally push, pull, or operate controls with the bilateral upper extremities; (2) can occasionally climb ramps and stairs; (3) can never climb ropes, ladders, or scaffolds; (4) can occasionally balance, stoop, kneel, crouch, or crawl; (5) can never be exposed to

>unprotected heights, moving mechanical parts, or operating a motor vehicle; (6) only occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, or extreme heat; (7) is limited to performing simple routine tasks and making simple work related decisions; (8) can never interact with the general public, must deal with things rather than people; (9) can only occasionally interact with co-workers, no tandem tasks or team work; and (10) can only occasionally interact with supervisors.

(Tr. at 26.)  Under the Regulations, "light work" involves:

>lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 404.1567(b); 20 CFR § 416.967(b).

In arriving at the RFC determination, the ALJ stated he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]"  (Tr. at 26.)  The ALJ considered Plaintiff's statements regarding his pain and symptoms and found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" were not fully supported by the evidence of record.  (Id.)

The ALJ also looked to medical opinions and prior administrative findings, including the opinion of Plaintiff's treating physician, Dr. Howard Levine.  The ALJ stated that Dr. Levine opined that Plaintiff "is limited to sedentary work and needs to avoid odors, fumes, temperature extremes, dust, perfumes, gases, solvents/cleaners, cigarette smoke, soldering fluxes, and chemicals."  (Id. at 29.)  In a March 1, 2021 Pulmonary Impairment Questionnaire, Dr. Levine diagnosed Plaintiff with chronic obstructive pulmonary disease ("COPD"), among other

4

conditions, and found that in an 8-hour workday, Plaintiff could perform a job in a seated position for 2 hours per day and could perform a job standing and/or walking for 2 hours per day. (Ex. 6F to D.E. No. 6-7.) Dr. Levine noted that Plaintiff experiences coughing, is obese, would need to take unscheduled breaks at "unpredictable intervals" during the workday, and would likely be absent more than 3 times per month as a result of his impairments. (Id.) Dr. Levine also found that at a maximum, Plaintiff could lift 5-10 pounds and carry 0-5 pounds "occasionally," meaning up to 1/3 of an 8-hour workday. (Id.) The ALJ found Dr. Levine's opinion unpersuasive and stated:

> Dr. Levine's opinion is not supported by his records, which reflect symptoms related to COPD that are not so extreme as to limit him to sedentary work with unscheduled breaks and multiple absences. In fact, at a visit the same day as the opinion, the claimant reported that he is doing well, has cut his cigarettes to five a day, made changes to his diet, and walks about two blocks to the store for exercise. He was observed with some rhonchi but was noted to look good and be motivated and energetic (Ex. 7F at 11-13). Moreover, Dr. Levine's opinion is inconsistent with the record as a whole, which demonstrates that the claimant is limited to a reduced range of light work as he is able to make light meals and do laundry and dishes (Ex. 7E). Therefore, Dr. Levine's opinion is not persuasive.

(Tr. at 29.)

In this appeal, Plaintiff argues the ALJ failed to assess Dr. Levine's opinion in accordance with the Regulations and "impermissibly relied on his own lay conclusion that the objective testing and clinical exams" could not support Dr. Levine's opinion. (Pl.'s Mov. Br. at 11.) In opposition, the Commissioner argues the ALJ properly evaluated Dr. Levine's opinion because the ALJ "considered the two factors of supportability and consistency and provided specific evidence that he considered when determining the persuasiveness of Dr. Levine's limitations." (Def.'s Opp. Br. at 13.) The Commissioner asserts that the ALJ "did not disregard Dr. Levine's statements" but explained his opinion "was not supported by his own records." (Id.) The Commissioner further

5

states that the ALJ considered objective findings including "Plaintiff's activities of daily living, and documented symptoms[.]" (Id. at 14.)

As a preliminary matter, the Court notes that Plaintiff has not pointed to evidence of disability for the period between Plaintiff's alleged onset disability date of January 5, 2019, and, roughly, October 2020, as the record appears to be absent of any indication of potentially disabling COPD until October 2020. The ALJ notes that an October 2020 record from a new treatment provider indicated Plaintiff "presented after a recent hospitalization for COPD exacerbation," (Tr. at 27), and Dr. Levine's treatment notes indicate that he first saw Plaintiff on October 28, 2020. (Ex. 6F to D.E. No. 6-7.) Thus, the record supports the Commissioner's determination for the period starting from January 5, 2019, through the October 2020 COPD hospitalization. However, the Court finds that for the period between October 2020 and August 20, 2021, the date on which the ALJ determined Plaintiff became disabled, the ALJ's determination as to Plaintiff's RFC is not supported by substantial evidence and the Commissioner's decision will be vacated and remanded on this basis.

"When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In such scenarios, "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981). Evidence is not substantial if it "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).

6

Here, the RFC determination is not supported by substantial evidence for the period between October 2020 and August 20, 2021. In concluding that Dr. Levine's opinion "is not supported by his records, which reflect symptoms related to COPD that are not so extreme as to limit him to sedentary work with unscheduled breaks and multiple absences," the ALJ asserts that on the same day Dr. Levine formulated an opinion, "the claimant reported that he is doing well, has cut his cigarettes to five a day, made changes to his diet, and walks about two blocks to the store for exercise. He was observed with some rhonchi but was noted to look good and be motivated and energetic." (Tr. at 29.) In noting that "Dr. Levine's opinion is inconsistent with the record as a whole, which demonstrates that the claimant is limited to a reduced range of light work as he is able to make light meals and do laundry and dishes" the ALJ also cites to Exhibit 7E of the Administrative Record in support. (Id.; Ex. 7E to D.E. No. 6-6.) Exhibit 7E, a Function Report by Plaintiff, describes his activities and abilities. In the Function Report, Plaintiff indicates he "make[s] light meals" four times a week and helps with the laundry and putting dishes away. (Ex. 7E to D.E. No. 6-6.) He reports going outside "three to four times a week on a limited basis" but does not go out alone. (Id.) Plaintiff also indicates that he goes grocery shopping once a week with his sister for approximately half an hour and has a fear of walking alone. (Id.)

The statements the ALJ points to in support of the RFC determination do not constitute substantial evidence of Plaintiff's ability to perform the activities of light work; in particular, the cited evidence does not constitute substantial evidence of the capacity to do "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). Although an ALJ may find a medical opinion unpersuasive, the evidence on which the ALJ relies to support the RFC determination must still constitute substantial evidence. An ALJ may reject a medical expert's opinion "'on the basis of contradictory medical evidence' and not due to [his] own credibility judgments, speculation or lay

7

opinion." Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 465 (D.N.J. 2016) (quoting Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000)) (internal citation omitted).  Under the Regulations, light work involves "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls" and "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).  See also SSR 83-10 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").

Here, however, the Court finds that nothing in the Function Report or the ALJ's discussion of the medical records supports the inference that Plaintiff retained the ability to perform these activities of light work.  Although the ALJ asserts that Dr. Levine's "opinion is inconsistent with the record as a whole," the Court is not persuaded that the evidence the ALJ points to, consisting of Plaintiff's statements that he is doing well, is able to "make light meals and do laundry and dishes," walks about two blocks for exercise, and "was noted to look good and be motivated and energetic" are "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Plaintiff retained the RFC to perform certain activities of "light work" under the Regulations, i.e., stand/walk for approximately 6 hours a day, lift up to 20 pounds at a time, or frequently lift/carry objects up to 10 pounds.  See Richardson, 402 U.S. at 401.  Indeed, the Court finds it reasonable that an individual may make light meals, do laundry and dishes, and walk two blocks for exercise without being capable of standing/walking for 6 hours per day, lifting up to 20 pounds at a time, or frequently carrying up to 10 pounds at a time.  As such, the Court is unable to conclude that the RFC determination is supported by substantial evidence.[1]

---

[1] Furthermore, the Court does not foreclose the possibility that the ALJ's RFC determination may constitute impermissible lay opinion.  "[A]n ALJ may not make speculative inferences from medical reports" or "employ [his] own expertise against that of a physician who presents competent medical evidence." Plummer, 186 F.3d at 429; Masher v. Astrue, 354 F. App'x

8

In short, contrary to the ALJ's assessment, the Court does not find substantial evidence to support the determination that Plaintiff retained the RFC to perform light work with certain limitations for the period that began with his COPD hospitalization in October 2020. As such, the Court cannot affirm the Commissioner's decision. Given Dr. Levine's contrary opinion on the RFC determination, Plaintiff has demonstrated that he may have been prejudiced by this error. As this matter will be remanded, the Court need not address Plaintiff's arguments regarding additional purported errors.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the ALJ's decision is not supported by substantial evidence and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion. An appropriate Order will follow.

s/Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: May 27, 2025

---

623, 627 (3d Cir. 2009); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician"). When an ALJ's conclusion "is merely a function of the ALJ's own medical judgment" the Third Circuit has held that such conclusions "may not be permitted to stand for we have pointed out time and again that these kinds of judgments are not within the ambit of the ALJ's expertise." Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir. 1983). In finding Dr. Levine's opinion "is not supported by his records, which reflect symptoms related to COPD that are not so extreme as to limit him to sedentary work with unscheduled breaks and multiple absences" and noting Plaintiff "reported that he is doing well, has cut his cigarettes to five a day, made changes to his diet, and walks about two blocks to the store for exercise" the ALJ may have made a medical judgment that Plaintiff retained the RFC to perform light work based on his own interpretation of Dr. Levine's treatment notes and other medical evidence of record, contrary to Third Circuit law. (Tr. at 29.)

9